UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO.: 09-mc-173-JGW

**UNITED STATES OF AMERICA,**                                                        **PETITIONER,**

**V.**

**AUDRA L. LITTLE,**                                                                      **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court for consideration of a Petition to Enforce an IRS Summons [Doc, 1]. Pursuant to local practice, the matter was initially referred to the undersigned Magistrate Judge for a report and recommendation.[1] However, at the "show cause" hearing held at 9:30 a.m. on November 18, 2009, the parties orally consented to final disposition by the magistrate judge pursuant to 28 U.S.C. §636(c).[2]

The petitioner appeared at the hearing through Department of Justice Attorney Katherine Mary-Leigh Walker, and the respondent appeared with her attorney, Tim Schneider. For the reasons set forth below, the petition of the IRS to enforce the summons will be **granted** and a final order of enforcement will be entered.

---

[1] The docket sheet erroneously reflected that the case had been assigned to the undersigned magistrate judge rather than to a district judge, with referral under 28 U.S.C. §636(b) to the magistrate judge. The administrative error had no real effect, particularly in light of the parties' consent to final disposition by the magistrate judge.

[2] Immediately following the hearing the parties executed written consents.

**I.  The IRS has established a prima facie case of enforcement**

This matter was initially referred to the Department of Justice for enforcement of the Administrative Summons pursuant to 26 U.S.C. § 7402 and 7604(a).  Based upon a review of the petition and affidavit, the Court determined that the Government had established a prima facie case for enforcement, and ordered respondent to appear at a hearing to show cause as to why the summons should not be enforced.

The IRS has established a prima facie case of enforcement.  The IRS is authorized to make inquiries concerning any person who may owe any internal revenue tax.  26 U.S.C. § 7601.  Unless a taxpayer has been referred to the Justice Department for criminal prosecution, the IRS may issue an administrative summons requiring any person having possession of financial records concerning the taxpayer to produce those records or to give testimony.  26 U.S.C. §7602(a)(2) and (3).

To establish a prima facie case of enforcement, the United States bears the initial burden of establishing: 1) the summons was issued for a legitimate purpose; 2) the material sought is relevant to that purpose; 3) the material is not already in the government's possession; and 4) the administrative steps required by the Internal Revenue Code have been followed.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996).  Absent a specific showing to the contrary, a presumption of integrity and regularity exists regarding IRS investigations.  *McTaggart v. United States*,  570 F. Supp. 547 (E.D. Mich. 1983).  The prima facie case may be, and usually is, established by the declaration of the agent seeking enforcement of the summons.  *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

Once the government has established a prima facie case, the burden shifts to the taxpayer

to provide specific, substantive facts showing a genuine issue exists as to any material, legally sufficient defense to enforcement. *Id.* Petitioner's burden of disproving the existence of a valid summons is a heavy one. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978). Although at one time a petitioner could challenge the issuance of a summons if its purpose was limited to a criminal investigation, since the amendment of §7602 in 1982 courts have uniformly held that the IRS may in fact issue summonses for the sole purpose of investigating criminal tax offenses, so long as there is no "Justice Department referral"in effect that recommends grand jury investigation or criminal prosecution. *See Scotty's Contracting and Stone, Inc. v. United States,* 326 F3d 785, 788 (6th Cir. 2003).

In this case, the IRS has established that it is conducting an investigation for the collection of the tax liability of Ronald E. Weinland, a minister at the Church of God in Florence, Kentucky, for the years 2004 through 2008. The stated purpose of the investigation is to determine potential criminal liability as well as potential civil liability. The IRS has further established that the respondent, Weinland's daughter, is employed by the Church of God performing bookkeeping services and as a personal assistant to Weinland. The IRS has established by affidavit that the IRS summons was issued for a legitimate purpose, i.e., the investigation to determine if Weinland committed an offense under the Internal Revenue Code for tax years 2004 through 2008. The summons on its face seeks testimony in the matter of the investigation of Ronald Weinland. The Government represents that the respondent's testimony will provide information relevant to the IRS's legitimate collection inquiry and that the IRS does not already have the requested information in its possession.

The IRS appears to have followed the administrative steps required by the Internal

Revenue Code in issuing the summons. Palmisano aff., ¶9. Special Agent Susan Palmisano served the summons by serving an attested copy of the summons on the respondent by hand delivery and there is no question that respondent received the service. Accordingly, the IRS has established a prima facie case of enforcement, and the burden shifts to respondent to provide specific, substantive facts in support of a defense to enforcement. *See United States v. Will*, 671 F.2d at 966.

**II. Respondent's failure to establish a valid defense to enforcement**

The only defense presented to prima facie case of enforcement of the summons at the hearing on November 18 was the same defense presented in the response to the petition: that respondent asserts her Fifth Amendment right to the extent that she may be a target of the investigation by the IRS. However, the United States represented at the hearing that the purpose of the summons is - as stated on its face - solely to investigate Wienland, and not to investigate respondent Little. Therefore the summons was issued to respondent in her representative capacity as an agent or employee (bookkeeper) of Weinland.

The Fifth Amendment is a personal right and provides that "[n]o person shall be compelled in any criminal case to be a witness against himself." Typically, no Fifth Amendment privilege can be asserted with respect to documents because the privilege only precludes compelling *testimony*. *But see generally United States v. Grable*, 98 F.3d 251 (6th Cir. 1996)(discussing limited scope of act-of-production privilege in context of IRS subpoena seeking documents).

In this case, the respondent has no obvious right against self-incrimination with respect to any testimony regarding documents she prepared for Wienland or the Church of God in a

4

representative capacity.  *See Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2285 (1988)(defendant could not invoke Fifth Amendment to prevent production of records where he held records in a representative capacity, even though production might tend to incriminate him personally); *see also United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994)(discussing procedural requirements for an administrative summons issued to a third party under 26 U.S.C. §7609).

      The respondent has not carried her burden to prove the invalidity of the summons.  However, the fact that she does not have a facially obvious Fifth Amendment privilege with respect to testimony about Weinland does not mean that the respondent can never assert a Fifth Amendment privilege.  If the respondent has a reasonable fear of criminal prosecution and if her response to any particular question would otherwise incriminate her personally (as opposed to Weinland), she may assert a Fifth Amendment privilege.  The Fifth Amendment privilege can only be asserted "with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify."  *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).  In addition, for the privilege to be invoked, the prospect of criminal prosecution must be more than imaginary, remote or speculative - it must be substantial.  *Id., see also  United States v. Dye*, 2009 WL 2579662, 104 A.F.T.R.2d 2009-5983, (W.D. Tenn. Aug.18, 2009)(additional citation omitted).

      **III. Conclusion and Order**

      For the reasons set forth above the petition to enforce the IRS summons [Doc. 1] will be **granted**, with an ORDER ENFORCING INTERNAL REVENUE SUMMONS to be filed herewith directing the respondent to comply with the summons.

This the 19th day of November, 2009.

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**

This the 19th day of November, 2009.

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**